UGINE AND ALZ BELGIUM, ARCELOR STAINLESS USA, LLC, AND ARCELOR TRADING USA, LLC, *Plaintiffs*, v. UNITED STATES, *Defendant*, and ALLEGHENY LUDLUM, AK STEEL CORP., BUTLER ARMCO INDEPENDENT UNION, UNITED STEEL WORKERS OF AMERICA, AFL-CIO/CLC, AND ZANESVILLE ARMCO INDEPENDENT ORGANIZATION, *Defendant-Intervenors*.

No. 05–00444

## *JUDGMENT*

CARMAN, Judge: The Department of Commerce, International Trade Administration ("Commerce") having submitted its *Final Re-*

termination that the coral sand was used not as food but to purify water, and on the fact that the purification heading urged by the importer is more specific than the food preparation heading under which Customs had classified the coral sand. *Id.* at 761.

In *Strauss*, the court rejected Customs' classification of bubble gum under the TSUS provision covering edible preparations. As a threshold matter, cases interpreting the TSUS are of somewhat limited value as precedent in classification cases under the HTSUS. *See, e.g., JVC*, 234 F.3d at 1354–55 (citations omitted). And, more specifically, the bubble gum in *Strauss* was found not to be classifiable as a food preparation because – although sugars and syrup in the gum were swallowed as the gum was chewed – the bubble gum itself was a masticatory, and was not designed to be swallowed in its entirety, much like the coral sand at issue in *Franklin*, and unlike the MaxCell products at issue here. *Strauss*, 43 Cust. Ct. at 140–41.

Finally, as MaxCell notes, the *Cosmos* court "rejected Customs attempts to classify . . . freezy pops as edible preparations holding they were properly classifiable as beverages." *See* Pl.'s Reply Brief at 9. Like *Strauss*, however, *Cosmos* too is a case under the TSUS, and is thus of relatively little precedential value. Moreover, the freezer pops in *Cosmos* (which were consumed as they melted) were not only liquid, but also specifically designed to be flavorful and refreshing – which MetaBerry and Aloe Gold plainly are not. *See Cosmos*, 15 CIT at 145, 760 F. Supp. at 921 (finding that products at issue were "marketed for consumption by children as a treat").

In short, contrary to MaxCell's implications, none of the three cases that it cites supports its claim that MetaBerry and Aloe Gold are properly classified as beverages rather than the food preparations under the HTSUS.

*sults of Redetermination Pursuant to Court Remand in Ugine and ALZ Belgium, N.V., Arcelor Stainless USA, LLC, and Arcelor Trading, USA, LLC v. United States,* Consol. Ct. No. 05–00444, Slip Op. 07–145 (Oct. 1, 2007) ("Remand Results"), and the Court having reviewed the Remand Results and all relevant submission thereto, it is hereby

ORDERED that the Remand Results are affirmed in all respects; and it is further

ORDERED that Commerce shall issue the revised instructions of the Remand Results at the time the pending injunction in this case issued on August 29, 2006 is terminated; and it is further

ORDERED that this case is dismissed.